**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SACOREY CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-00716-PLC |
| | ) | |
| PHELPS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of Plaintiff Sacorey Clark for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that Plaintiff lacks sufficient funds to pay the entire filing fee and grants the motion, assessing an initial partial filing fee of $11.33. *See* 28 U.S.C. § 1915(b)(1). Plaintiff also filed a document titled "Pro Se Motion for Relief." (Docket No. 4). The Court denies that motion in part because the relief requested is moot and in part because, to the extent Plaintiff challenges conduct occurring at his present facility, which is located in Illinois, this is not the proper Court in which to pursue such a challenge. Additionally, for the reasons discussed below, the Court directs Plaintiff to file a second amended complaint on a Court-provided form.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid.  *Id*.

In support of his motion for leave to proceed in forma pauperis, Plaintiff submitted a copy of his certified inmate account statement.  (Docket No. 6).  The account statement shows that Plaintiff's total deposits over a six-month period amounted to $340, for an average monthly deposit of $56.67.  The Court will therefore assess an initial partial filing fee of $11.33, which is 20 percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The reviewing court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).  *See also Brown v. Green Tree Servicing LLC*,

2

820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in a complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff is a self-represented litigant currently incarcerated at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville).  On June 1, 2020, he filed a civil action pursuant to 42 U.S.C. § 1983 challenging conditions and conduct occurring during his pretrial detention at the Phelps County jail from approximately November 18, 2016 to approximately May 20, 2017. (Docket No. 1).  His complaint named as Defendants:  Advanced Correctional Healthcare, Paul Burris, John Does #1-3, Dionne Kelly, Richard Lisenbe, Steve Lorts, Phelps County, and Matthew Shults.  The complaint was handwritten and not on a Court-provided form.

Plaintiff's complaint included a variety of different claims.  For instance, Plaintiff asserted that the Phelps County Jail was overcrowded, and that he did not receive proper recreation and exercise.  He further asserted that his medical care had been denied and delayed.  Perhaps most seriously, he alleged that certain Defendants at the Phelps County Jail had conspired to have an inmate attack him, in retaliation for his filing of grievances.  Along with the complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis.  (Docket No. 2).

On July 14, 2020, Plaintiff filed a document titled "Pro Se Motion for Relief."  (Docket No. 4).  In the motion, Plaintiff complained about mailroom staff at FCI-Greenville interfering with his legal mail.  He requested a court order directing the staff at FCI-Greenville to immediately deliver all mail from this Court.  Plaintiff also sought an order ensuring the filing of his amended complaint, granting his motion for leave to proceed in forma pauperis, and directing FCI-Greenville to provide his account statement.

Along with the motion, Plaintiff also filed an amended complaint pursuant to 42 U.S.C. § 1983.  (Docket No. 5).  Plaintiff's filing of the amended complaint completely replaced his original complaint.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

### The Amended Complaint

Plaintiff's amended complaint is typewritten and not on a Court-provided form.  In it Plaintiff names as Defendants Phelps County, Sheriff Richard Lisenbe, Lieutenant Matthew Shults, Sergeant Steve Lorts, John Does #1-4, Advanced Correctional Healthcare, Paul Burris, and Dionne Kelly.  (Docket No. 1 at 1-2).  Defendants are sued in both their individual and official capacities.  According to Plaintiff, the events in the amended complaint occurred while he was a pretrial detainee at the Phelps County Jail in Rolla, Missouri.

4

In the amended complaint, Plaintiff states that, when he arrived at the Phelps County Jail, "he immediately suffered from the existing [c]ulture of [overcrowding]." (Docket No. 1 at 2). Due to this overcrowding, which resulted in the gym being converted into a housing unit, Plaintiff states that he was denied exercise and recreation. (Docket No. 1 at 2-3). He blames this on a Phelps County policy, custom, or failure to train.

Plaintiff further alleges that while in Phelps County Jail, he was assaulted by another inmate. (Docket No. 1 at 3). He states that this assault was ordered by Sheriff Lisenbe, Lieutenant Shults, Sergeant Lorts, and four John Does. According to Plaintiff, the assault was ordered in retaliation for Plaintiff's filing of grievances. (Docket No. 1 at 4).

Following the alleged assault, Plaintiff was taken to the hospital where he was given sutures to close a torn tear duct. (Docket No. 1 at 5). Upon return to the jail, he states that he suffered a delay in receiving medical care, which resulted in a bacterial infection in his left eye. (Docket No. 1 at 3). This infection allegedly caused diminished vision in that eye. Plaintiff alleges this resulted from the "existing Policy, unwritten policy, custom, culture or pattern and practice" of Advanced Correctional Healthcare. He also claims that Defendant Kelly removed his sutures after a week's delay, and that Defendants Kelly and Burris "attempted to conceal" the resulting bacterial infection in Plaintiff's eye. (Docket No. 1 at 5-6).

Plaintiff seeks compensatory damages in varying amounts for the deprivation of exercise and recreation, for his alleged assault, and for the purportedly inadequate medical treatment that he received. (Docket No. 1 at 10-11).

### Discussion

The Court has reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the amended complaint is defective and subject to dismissal.

However, the Court provides Plaintiff the opportunity to file a second amended complaint, pursuant to the instructions set forth below.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient in several respects.  First, Plaintiff's amended complaint is not on a Court-provided form, as required.  *See* E.D. Mo. L.R. 2.06(A).  Second, Plaintiff's amended complaint relies heavily on conclusory language or the recitation of the elements of a cause of action.  For instance, in the claims against Phelps County and Advanced Correctional Healthcare, Plaintiff simply restates the requirements of municipal liability, without providing supporting factual allegations.  This is not sufficient.  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (explaining that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").  Third, Plaintiff has not alleged the personal responsibility of each of the persons named as a Defendant.  In a 42 U.S.C. § 1983 case, persons named as the defendants "are personally liable only for their own misconduct."  *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015).  Plaintiff, however, tends to group Defendants together and then make allegations against them collectively.  For instance, with regard to his retaliatory assault allegations, Plaintiff refers to Defendants Sheriff Lisenbe, Lieutenant Shults, Sergeant Lorts, and John Does #1-4 as a single entity, rather than presenting allegations as to what each of those Defendants did or did not do to violate Plaintiff's constitutional rights.  This is not sufficient to state a claim against each of those Defendants or to give each of those Defendants notice of the nature of the claim against them.

For these reasons, Plaintiff's amended complaint is subject to dismissal.  However, because Plaintiff is a self-represented litigant, and because he has presented serious allegations, he will be allowed to file a second amended complaint according to the instructions set forth below.

**B.  Amendment Instructions**

Plaintiff should type or neatly print his second amended complaint on the Court's civil rights complaint form, which the Clerk will provide to him.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").  If the second amended complaint is handwritten, the writing must be legible.  In the "Caption" section of the Court-provided form, Plaintiff should clearly name each and every party he intends to sue.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper.  However, Plaintiff must clearly list each defendant.  Plaintiff should fill out the Court-provided form in its entirety.  Again, if Plaintiff requires more room than that provided in the Court-provided form, he may use additional sheets of paper.  Any additional sheets of paper, however, should be properly numbered and identified to avoid confusion.

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim.  *See* Fed. R. Civ. P. 8(a).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  *See* Fed. R. Civ. P. 10(b).  **Plaintiff should avoid making legal arguments or providing case citations**.

The second amended complaint should only include claims that arise out of the same transaction or occurrence.  In other words, Plaintiff should only include claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).

In structuring his second amended complaint, Plaintiff should begin by writing a defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should write a

7

short and plain statement of the factual allegations supporting his claim against that specific defendant.  If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both.  The failure to sue a person named as a defendant in his or her individual capacity may result in the dismissal of that defendant.

Plaintiff's second amended complaint included four John Doe Defendants.  An action may proceed against an unknown party only if the plaintiff makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery."  *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F. 3d 35, 37 (8th Cir. 1995).  Therefore, if Plaintiff desires to sue a fictitious party, he must provide enough facts to enable the identification of that fictitious defendant during discovery.

If Plaintiff is suing a defendant in an individual capacity, he needs to allege facts demonstrating the personal responsibility of the defendant for harming Plaintiff.  *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer*, 849 F.3d at 404.

If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him.  That is, for each defendant, Plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights.  **It is not enough for Plaintiff to make general allegations against all or some of the defendants as a group.**  Rather, Plaintiff needs to specifically set forth the role of each named defendant in this

8

case, in order that each defendant can receive notice of what he, she or it is accused of doing.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of a second amended complaint **completely replaces** the preceding complaint.  This means that claims that are not re-alleged in the second amended complaint will be deemed abandoned.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d at 928 ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant.  If Plaintiff fails to file a second amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## C.  Motion for Relief

Plaintiff has filed a motion titled "Pro Se Motion for Relief."  (Docket No. 4).  To the extent that Plaintiff is attempting to ensure the filing of his amended complaint, the granting of his motion for leave to proceed in forma pauperis, and the Court's receipt of his account statement, the motion is moot.  That is, the Clerk of Court has docketed Plaintiff's amended complaint and Plaintiff's account statement, and the Court is granting him leave to proceed in forma pauperis.  To the extent that Plaintiff is seeking relief against FCI-Greenville for the handling of his mail, the Court notes that FCI-Greenville is located outside of the Eastern District of Missouri, specifically in Bond County, Illinois.  If Plaintiff wishes to bring a claim against FCI-Greenville regarding his mail or

9

access to the courts, such an action should be filed in the United States District Court for the Southern District of Illinois, the district in which FCI-Greenville is located.  *See* 28 U.S.C. § 93(c).

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $11.33 within thirty (30) days after the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief (Docket No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to Plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file a second amended complaint on the Court-provided form within **thirty (30) days after** the date of this Order.

**IT IS FURTHER ORDERED** that, if Plaintiff fails to comply with this Order, this action will be dismissed without prejudice and without further notice.

**IT IS FINALLY ORDERED** that, upon the filing of a second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2).

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of September, 2020

10