UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SACOREY CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-716 PLC |
| | ) |
| PHELPS COUNTY, et al. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Sacorey Clark's "Motion for leave to amend complaint, as pursuant to Federal Civil Procedure Rule 15(a)" [ECF No. 54] and "Motion for relief, under Rule 60(b), for leave to amend, under Rule 15 and Rule 16, and to modify the scheduling order under Rule 16" [ECF No. 57]. Defendants Richard Lisenbe, Matthew Shults, Steve Lorts, and Unknown Dowdy (Defendants) oppose Plaintiff's motion for leave to file an amended complaint. [ECF No. 56] Defendants Dionne Kelley and Paul Burris do not object to Plaintiff's motions. [ECF No. 61]

In his first motion, Plaintiff requests leave to file a fourth amended complaint pursuant to Rule 15(a) to "include fact(s) not known to [him] prior to initial discovery[.]" [ECF Nos. 54, 54-1, 54-2] Defendants filed a response opposing Plaintiff's motion, asserting he failed to demonstrate "good cause" to amend the pleading as required by Federal Rule of Civil Procedure 16(b) because Plaintiff has not been diligent in attempting to meet the deadline established in the case management order (CMO). [ECF No. 56]

After Defendants' response, Plaintiff filed his second motion. [ECF No. 57] In this motion, Plaintiff requests the Court grant his motion for leave to file his fourth amended complaint

asserting amendment is proper under both Rules 15 and 16. [ECF No. 57, 58] Plaintiff contends he has established "good cause" for filing outside of the scheduling order's time frame because he has been "obstructed, interfered with and prevented from meeting Deadline(s) set-forth by the Scheduling Order[.]"

I.   Background

Plaintiff filed this action on June 1, 2020, against ten defendants in their individual and official capacities under 42 U.S.C. §1983 for violations of the First and Fourteenth Amendments of the United States Constitution. [ECF No. 1] Plaintiff amended his complaint in July 2020 and again in December 2020. [ECF Nos. 5, 11] In August 2021, Plaintiff sought leave to file a third amended complaint. [ECF No. 15] The Court granted Plaintiff's motion but simultaneously dismissed some claims and parties. [ECF Nos. 16, 17, 18] Defendants filed answers to Plaintiff's third amended complaint.[1] [ECF Nos. 28, 36]

On November 22, 2021, the Court entered a CMO directing the parties to submit their initial disclosures and to file all motions for joinder of additional parties or amendment of the pleadings no later than December 20, 2021. [ECF No. 37] On December 1, 2021, Defendants sent their initial disclosures to Plaintiff.[2] [ECF No. 44-1]

On December 20, 2021, Plaintiff filed a motion requesting the Court extend the CMO's deadlines and to appointment him counsel. [ECF No. 37] In his motion, Plaintiff alleged the Federal Bureau of Prisons was preventing him from filing grievances and prosecuting his case by

---

[1] Plaintiff's third amended complaint included claims against three "John Doe" defendants. After an extension of the deadline, Plaintiff did not file a timely motion for substitution of parties and the Court dismissed these defendants on March 28, 2022. [ECF Nos. 46, 51] After the dismissal of these parties, Plaintiff's third amended complaint retained three claims and six defendants.

[2] Although Defendants mailed their initial disclosures to Plaintiff at the Federal Transfer Center in Oklahoma City, Oklahoma, on December 1, 2021, Plaintiff was transferred to a correctional facility in Victorville, California on December 2, 2021, and his receipt of the documents was delayed. [ECF Nos. 42, 44]

withholding postage stamps and "legal supplies." [ECF No. 37 at ¶¶ 2-5, 11] In support of his motion, Plaintiff stated "Defendant(s) have served initial disclosure(s)" and alleged those documents contained false information regarding his medical care that he needed to investigate.[3] [ECF No. 42 at ¶ 21] As an exhibit, Plaintiff included a "memorandum" from the Victorville, California correctional facility, dated December 13, 2021, stating Plaintiff had been placed in quarantine due to COVID-19 protocols since his arrival at the facility on December 2, 2021. [ECF No. 42] The memorandum stated Plaintiff was "not able to assemble his court filing" because he did not have access to his legal materials or the law library during this time. [ECF No. 42]

On February 22, 2022, the Court denied Plaintiff's request to appoint counsel but granted his request to modify the CMO. [ECF No. 46] The Court extended the deadline for filing motions for joinder of additional parties or amendment of the pleadings to March 2, 2022. [ECF No. 46]

Also on February 22, 2022, Plaintiff filed a "Motion for Relief, under Rule 60(b) and Rule 60(b)(6) and Second Motion for Appointment of Counsel." [ECF No. 45] Plaintiff alleged he had been provided use of the law library "NOT more than six times" between December 2, 2021, and February 17, 2022, and that he had to rely on other inmates for postage stamps to send his legal mail. [ECF No. 45 at ¶12, 14] Plaintiff further stated he had been placed in the special housing unit since January 27, 2022, in retaliation for filing a section 1983 action in the Central District of California against staff of the Victorville correctional facility. The Court denied Plaintiff's motion. [ECF No. 48]

On April 12, 2022, after the deadline had passed, Plaintiff filed a motion for leave to file a fourth amended complaint to "include fact(s) not known to [him] prior to initial discovery, also to

---

[3] Plaintiff stated Defendants' initial disclosures contained documents "which <u>erroneously</u> imply that Plaintiff was somehow taken to Phelps County Reginal Medical Center on April 18, 2017 and was seen by RNAPN Litz, Helen for conjunctivitis, which needs to be investigated by Plaintiff[.]"

assist in advancing the litigation in the best interest of the parties, cure deficiencies and in order to bring about a just and fair determination of all right(s) to the parties[.]" [ECF No. 54]. Plaintiff's fourth amended complaint is 50 pages in length, contains 551 paragraphs, and seeks to remove one defendant while adding six defendants and ten claims. [ECF No. 54, 54-1, 54-2] In total, Plaintiff's fourth amended complaint names 11 defendants, sued in both their individual and official capacities, and raises 13 claims.[4] [ECF No. 54, 54-1, 54-2] Plaintiff contends "the main factual allegations" in his fourth amended complaint stem from "false" medical records, disciplinary reports, and incident reports which he obtained during initial discovery. [ECF No. 54]

On April 20, 2022, Defendants filed their opposition to Plaintiff's motion asserting Plaintiff has not been diligent in attempting to meet the scheduling order's deadlines and, therefore, has not established "good cause" to amend the pleading after the deadline. [ECF No. 56] Defendants also argue they would be prejudiced by Plaintiff's late amendment and the new claims in Plaintiff's proposed fourth amended complaint are futile and subject to dismissal. [ECF No. 56]

On May 2, 2022, Plaintiff filed a "motion for relief, under Rule 60(b), for leave to amend, under Rule 15 and Rule 16, and to modify the scheduling order under Rule 16[.]" [ECF Nos. 57, 58] Plaintiff maintains he was unable to meet the CMO deadline to amend his complaint because his receipt of Defendants' initial disclosures was delayed by his transfer to the Victorville facility and his access to his legal materials and the law library have been restricted since his transfer. [ECF No. 58] Plaintiff further requests the Court extend the discovery deadlines to enable him to conduct additional discovery related to the new defendants and claims. [ECF No. 58]

In support of his motion, Plaintiff alleged his transfer to the Victorville facility resulted in his untimely receipt of Defendants' initial disclosures and contributed to his inability to meet the

---

[4] Previously, the Court dismissed Plaintiff's claims against Defendants in their official capacities. [ECF Nos. 16, 17, 18]

4

December 20, 2021 deadline established in the original CMO. [ECF No. 58 at ¶¶ 20-22] Plaintiff argues he has established good cause for failing to meet the CMO deadlines because his amendments are based on the "false records" included in Defendants' initial disclosures and he had "NO Reasonable means to know the existence of these relevant facts" before receiving the documents. [ECF No. 58 at ¶ 61] Plaintiff also alleges, since arriving at the Victorville facility, he has been repeatedly placed on quarantine or in "lock-down" and has been placed in a "retaliatory [special housing unit]" for filing a section 1983 action against the facility's staff. [ECF No. 58 at ¶¶ 23-24, 27-32] Plaintiff maintains that his access to his legal materials, to the law library, and to legal supplies have been restricted.[5] [ECF No. 58 at ¶¶ 28, 31, 32] Plaintiff contends he was only able to obtain a "few days of access" to the law library between December 2, 2022 and March 2, 2022 and he did not have "adequate, or effective means to meet" the CMO deadlines.[6] [ECF No. 58 at ¶33-34]

---

[5] Plaintiff's motion is disorganized but contains the following specific allegations regarding his access: (1) he did not have access to his legal materials or the legal library between December 2, 2022 and December 13, 2022, [ECF No. 58-10]; (2) he was denied access to the law library between December 29, 2021 and January 5, 2022, when the entire Victorville facility was in a quarantine "lock-down" [ECF No. 58 ¶28]; (3) between January 27, 2022 and February 28, 2022, he was only able to access the law library on two occasions, February 15 and 24, 2022, [ECF No. 58 ¶ 31, 58-1]; (4) he did not have access to his legal paperwork from January 27, 2022 until February 15, 2022 [ECF No. 58 ¶ 31, 58-1]; and (5) he did not have access to the law library between February 28, 2022 and March 2, 2022 [ECF No. 58 ¶ 32].

Plaintiff also makes general allegations that he was denied "access to the courts" between December 2, 2021 and March 2, 2022. [ECF No. 58 at ¶ 42, 43, 46] In support of these allegations, Plaintiff attached as exhibits" (1) a "Request for Administrative Remedy" stating he was being denied access to the law library and supplies and the ability to review his "legal disks[,]" and (2) several "Inmate Request to Staff" forms he completed requesting copies be made of his legal work, postage stamps, a certified mail receipt, and access to various forms, the "electronic law library" and to his "legal disk(s)[.]" [ECF Nos. 58-1, 58-8, 58-9, 58-12] Plaintiff's "Inmate Request to Staff" forms requesting assistance or access demonstrates only that he made a certain request, not that he was being denied these requests. In fact, while one of the forms contains no "disposition[,]" the other two forms demonstrate that Plaintiff's requests were granted. With regard to the "Request for Administrative Remedy" the exhibit includes a response from the facility's Warden, stating Plaintiff received access to the law library and legal supplies/material on two occasions while in the special housing unit and that there was no record of any incomplete or outstanding requests for access to the library or additional supplies. [ECF No. 58-1]

[6] Plaintiff's motion also contains numerous allegations that he was denied access to his unspecified "legal work" and to the law library after March 2, 2022, the extended deadline for filing a motion to amend

II.     Legal Standard

Plaintiff seeks leave to amend his complaint pursuant to Federal Rules of Civil Procedure 15(a) and 16(b). Defendants argue Plaintiff must satisfy the "good cause" standard of Rule 16(b), not the more liberal standard under Rule 15(a), for leave to amend a pleading outside the time period established by the scheduling order.

Rule 15(a) governs the pretrial amendment of pleadings and states when an amendment is not sought "as a matter of course[,]" "a party may amend its pleading only with the opposing party's written consent or the court's leave." [7] Fed. R. Civ. P. 15(a)(2). The rule states "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Even under this liberal standard, parties do not have an absolute right to amend their pleadings. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" Id., quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005) (internal marks omitted).

Rule 16(b) governs the court's "issuance and modification of pretrial scheduling orders[.]" Sherman, 532 F.3d at 715.  The rule provides that the court must issue a scheduling order which

---

the complaint or join additional parties. [ECF Nos. 58-2, 58-3, 58-4, 58-5, 58-6, 58-7]. The Court notes the current action before it is just one of six lawsuits Plaintiff filed between June 1, 2020 and February 3, 2022, and it is not always clear from Plaintiff's motion whether he was allegedly being denied access to his "legal work" or "legal materials" in this case or one of his other cases. See Clark v. Henderson, et al., 3-20-cv-749 (S.D. IL); Clark v. Childress, et al., 2:21-cv-2458 (W.D. Tenn.); Clark v. Childress, 2:21-cv-2484 (W.D. Tenn); Clark v. Jones, et al., 2:21-cv-2493 (W.D. Tenn.); Clark v. Jusino, et al., 5:22-cv-217 (C.D. CA).  Because these alleged restrictions occurred after the CMO deadline or do not clearly relate to the Plaintiff's "legal work" in this case, they are largely irrelevant for purposes of assessing Plaintiff's diligence in meeting the CMO deadline.

[7] Rule 15(a)(1) states "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

includes limitations on the time to "join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1), (3)(A). This schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

It is well settled that when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, Rule 16(b)'s good-cause standard governs, not the more liberal standard of Rule 15(a). Sherman, 532 F.3d at 716. Thus, "[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule." Id.; Ellingsworth v. Vermeer Manufacturing Company, 949 F.3d 1097, 1100 (8th Cir. 2020). "The primary measure of good cause is the movant's diligence in attempting to meet deadlines." Ellingsworth, 949 F.3d at 1100, quoting Albright v. Mountain Home Sch. Dist., 926 F.3d 942, 951 (8th Cir. 2019) (citation omitted). "Good cause may be shown by pointing to a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." Ellingsworth, 949 F.3d at 1100. "In other words, "'good cause' for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner.'" Givens v. St. Louis Cnty., 4:18-CV-1732-SPM, 2021 WL 2222687, at *2 (E.D.Mo. June 2, 2021), quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 590 F. Supp. 2d 1093, 1100 (N.D. Iowa 2008). Generally, courts do not consider the prejudice to the non-movant resulting from modification of the scheduling order unless the movant establishes diligence in meeting the order's deadlines. Sherman, 532 F.3d at 717.

III.   Discussion

As an initial matter, the Court rejects Plaintiff's contention Rule 15 alone governs his motion for leave to file an amended complaint. Because Plaintiff's motion requesting leave to file

a fourth amended complaint was filed after the March 2, 2022, deadline to do so, Plaintiff is required to show good cause for the amendment under Rule 16(b)(4).

Plaintiff maintains he has established "good cause" under Rule 16 because he has been diligent in attempting to meet the CMO deadlines but has been "obstructed, interfered with and prevented from meeting" them. [ECF No. 58 at ¶¶ 20, 21, 26] Specifically, Plaintiff contends his receipt of Defendants' initial disclosures was delayed by his transfer to the Victorville facility and the amendments to his complaint are based on new information he obtained during initial discovery, namely "false" medical records, disciplinary reports, and incident reports that were created by Defendants and the proposed defendants. [ECF Nos. 54, 54-1, 54-2, 57, 58] Plaintiff also argues he was unable to comply with the CMO deadlines, despite his best efforts, because his access to his legal materials, the law library and to legal supplies were restricted. [ECF No. 58]

Defendants object to the proposed amendments contending Plaintiff has not established that he was diligent in attempting to meet the scheduling order's deadline. [ECF No. 56] Specifically, Defendants contend Plaintiff's amendments are not based entirely on new or additional information he obtained during discovery, in that many of the additional factual allegations were known to Plaintiff both at the time of their occurrence and when he filed his previous complaints. [ECF No. 56]

Plaintiff filed this action on June 1, 2020, and amended his complaint in July and December 2020. [ECF No. 1, 5, 11] In August 2021, Plaintiff was granted leave to file a third amended complaint but, at that time, the Court dismissed some of the claims and parties. [ECF Nos. 15, 16, 17, 18] Plaintiff's proposed fourth amended complaint, which seeks to remove one defendant while adding six defendants and ten claims, is related to events occurring in 2016 and 2017. Contrary to

Plaintiff's assertions, many of the proposed amendments are based on information known to Plaintiff at the time of the events and when he filed his prior complaints.

To the extent the amendments are based upon newly discovered facts Plaintiff learned from the "Numerous False Record(s) and/or False Documents" included in Defendants' initial disclosures, the record demonstrates Plaintiff received these documents by mid-December 2021. While Plaintiff's current motions do not state exactly when he received Defendants' initial disclosures, in his December 20, 2021 motion requesting his first extension of the CMO deadlines, Plaintiff acknowledged receipt of the documents and asserted those documents contained "erroneous[]" information. [ECF No. 42 at ¶21] The Court granted Plaintiff's request and extended the deadline for filing motions for leave to amend the pleadings and join additional parties more than 10 weeks. Thus, even though Plaintiff's receipt of these documents was delayed, Plaintiff received the documents necessary to amend his complaint more than two months before the expiration of the deadline to do so.

Plaintiff also asserts he was unable to comply with the CMO's deadline due to actions taken by the Victorville staff restricting his "access to the courts[.]"  Plaintiff's May 2, 2022 filings present details regarding his housing within the Victorville correctional facility between December 2, 2021 and March 2, 2022, and assertions that he was denied sufficient access to the law library, his legal materials, and to legal supplies for him to comply with the deadline. While Plaintiff's current motions before the Court are frequently opaque on the details of his access to these materials and resources the record as whole does not support Plaintiff's contention that said restrictions prevented him from complying with the Court's scheduling order.  In a February 22, 2022 filing, Plaintiff stated he had "been provided use of and access to the law library, NOT more than six times" between December 2, 2021 and February 17, 2021. [ECF No. 45] In his most recent

9

filings, Plaintiff acknowledges accessing the law library on at least one other occasion, on February 24, 2022, before the expiration of the deadline. [ECF No. 58 at ¶ 31] While Plaintiff contends these "few days" of access were insufficient to allow him to comply with the scheduling order, the Court disagrees.[8] While the Court is sympathetic to the challenges prisoner-litigants face as a result of the conditions of their incarceration, the Plaintiff has not demonstrated diligence in seeking to amend his complaint and has not shown that his proposed amendments could not reasonably have been offered sooner. Because Plaintiff failed to meet his burden to show good cause, the Court does not reach the issues of prejudice to Defendants or the alleged futility of Plaintiff's claims-+

and denies Plaintiff's request to extend the discovery deadlines to conduct additional discovery related to his proposed amendments. Accordingly, Plaintiff's motion for leave to amend complaint [ECF No. 54] and motion for relief, for leave to amend, and to modify the scheduling order [ECF No. 57] will be denied.

After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion for leave to amend complaint, as pursuant to Federal Civil Procedure Rule 15(a)" [ECF No. 54] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for relief, under Rule 60(b), for leave to amend, under Rule 15 and Rule 16, and to modify the scheduling order under Rule 16" [ECF No. 57] is **DENIED**.

                                                    */s/ Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of June, 2022.

---

[8] Notably, between December 2, 2022 and March 4, 2022, Plaintiff filed legal documents in two other cases, including two motions in his case in the Southern District of Illinois, cause number 3:20-cv-740, and the initiation of a new civil action in the Central District of California, cause number 5:22-cv-217.