UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SACOREY CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-716 PLC |
| | ) |
| RICHARD LISENBE, et al. | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Sacorey Clark's "Motion Under Civil Procedure Rule 59(e)" seeking relief from the Court's December 15, 2022 Judgment entering summary judgment in Defendants' favor. [ECF No. 81] Plaintiff asserts he is entitled to relief because: (1) he has not filed consent to magistrate jurisdiction, (2) he has not been served with Defendants' Motions for Summary Judgment and has not received the Court's Judgment granting Defendants' Motions, and (3) Defendants failed to label their correspondence to Plaintiff with "Legal Mail – Open in the Presence of Inmate" in adherence to the Court's February 22, 2022 Order. [ECF No. 81] For the reasons set forth below, the Court dismiss Plaintiff's motion as untimely.

**I.  Background**

In June 2020, Plaintiff, a *pro se* litigant currently incarcerated at a Federal Correctional Institution in Yazoo City, Mississippi, initiated this action under 42 U.S.C. §1983 for alleged violations of his constitutional rights during his detention at the Phelps County Jail. [ECF No. 1] Plaintiff amended his complaint several times, culminating in his third amended complaint filed in August 2021. [ECF Nos. 5, 11, 17] The Court dismissed some of Plaintiff's claims, leaving the following claims remaining: (1) that Defendants Richard Lisenbe, Lt. Matthew Shults, Steve Lorts,

and Unknown Dowdy, in their individual capacities, encouraged another inmate to assault Plaintiff and (2) Defendants Paul Burris and Dionne Kelly, in their individual capacities, were deliberately indifferent to Plaintiff's medical needs. [ECF Nos. 16, 17, 18] On August 22, 2022, Defendants filed Motions for Summary Judgment, Statements of Material Facts, and Memoranda in Support of their motions. [ECF Nos. 70-75] Plaintiff did not file responses in opposition to the motions. On December 15, 2022, the Court granted summary judgment in favor of Defendants on the remaining claims. [ECF No. 76] On January 23, 2023, Plaintiff filed the instant motion under Rule 59(e). [ECF No. 81] Defendants did not file a response, and the time to do so has passed.

## II.     Legal Standard

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment. Norman v. Arkansas Dep't of Educ., 79 F.3d 748, 750 (8th Cir.1996) (citing White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445 (1982)). "Rule 59(e) motions serve a limited function of correcting 'manifest errors of law or fact or present[ing] newly discovered evidence.'" Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). Therefore, a Rule 59(e) motion must be based on one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct a clear error of law or prevent manifest injustice." Clayton v. Dejoy, No. 4:18-CV-01039-JAR, 2020 WL 7625010, at *1 (E.D. Mo. Dec. 22, 2020), aff'd, 854 F. App'x 772 (8th Cir. 2021) (quoting Bannister v. Armontrout, 807 F. Supp. 516, 556 (W.D. Mo. 1991), aff'd, 4 F.3d 1434 (8th Cir. 1993)). The Court has broad discretion in determining whether to grant a Rule 59(e) motion to alter or amend the judgment. Innovative Home Health Care, Inc., 141 F.3d at 1286.

2

**III.     Discussion**

   A. <u>Federal Rule of Civil Procedure 59(e)</u>

Federal Rule of Civil Procedure 59(e) authorizes a party to file a motion to alter or amend a judgement "no later than 28 days after the entry of the judgment." <u>Chapman v. Hiland Partners GP Holdings, LLC</u>, 862 F.3d 1103, 1111 (8th Cir. 2017) (quoting Fed. R. Civ. P. 59(e)). The Court may not extend the 28-day deadline.  Rule 6(b)(2).  An untimely Rule 59(e) motion must be dismissed for lack of jurisdiction.  <u>United States v. Mask of Ka-Nefer-Nefer</u>, 752 F.3d 737, 743 (8th Cir. 2014); <u>Wilson v. Runyon</u>, 981 F.2d 987, 989 (8th Cir. 1992) (untimely Rule 59 motion should be dismissed).

The 28-day deadline for filing a Rule 59 motion to alter or amend the December 15th Judgment  expired on January 12, 2023. Plaintiff's motion is dated January 8, 2023, but it was not received by the Court until January 23, 2023.  [ECF No. 81]  Because Plaintiff's motion was filed after the deadline, it is untimely and should be dismissed for lack of jurisdiction. However, because Plaintiff filed his 59(e) motion *pro se* and is incarcerated, the Court will consider whether the motion is timely under the "prison mailbox rule" as set forth in Rule 4(c) of the Federal Rules of Appellate Procedure.

Rule 4(c) provides that a notice of appeal is timely filed if an inmate deposits the notice in the institution's internal mail system on or before the last day for filing.  Fed. R. App. P. Rule 4(c)(1). The Eighth Circuit has expanded the application of the prison mailbox rule as set forth in Rule 4(c) to a motion for reconsideration. <u>United States v. Duke</u>, 50 F.3d 571, 575 (8th Cir. 1995) (citing Fed. R. App. P. 4(c)); <u>Garrett v. United States</u>, 195 F.3d 1032, 1034 (8th Cir. 1999). To receive the benefit of the rule, the inmate must (1) use the institution's legal mail system, if one is available, and (2) provide "a declaration in compliance with 28 U.S.C. § 1746 – or a notarized

3

statement – setting out the date of deposit and stating that first-class postage is being paid" or "evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid[.]" Fed. R. App. P. Rule 4(c)(1)(A). "If a prison maintains two internal mail systems, one for regular mail and another for legal mail, the prisoner gains the benefit of the mailbox rule only if he deposits his notice of appeal in the 'system designed for legal mail.'" Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001) (quoting Fed. R. App. P. 4(c)(1)). The inmate must state whether the institution has one or two mail systems and whether he used the legal mail system. Id; see also United States v. Frook, No. 4:05-CR-677 CAS, 2008 WL 5110596, at *2 (E.D. Mo. Dec. 3, 2008). Plaintiff bears the burden of proving his compliance with Rule 4(c). Grady v. United States, 269 F.3d 913, 916-17 (8th Cir. 2001) (citing Porchia, 251 F.3d at 1198).

In his motion, Plaintiff included a handwritten "Certificate of Service" providing he "hereby states that this Document has been sent to the Clerk of the Court to be electronically filed upon the Clerk's filing system and served upon all the Defendant(s)/parties and/or attorneys to this case [and was] placed in out-going mail this 09th Day of January, 2023." [ECF No. 81] The envelope in which Plaintiff's motion was received by the Clerk of the Court includes a "forever" postage stamp, a "19 Jan 2023" postmark, and a handwritten notation stating "outgoing legal mail[.]" [ECF No 81]

Assuming Plaintiff utilized the correctional facility's legal mail system,[1] Plaintiff did not satisfy the remaining requirements of Rule 4(c), in that he did not provide the required evidence

---

[1] Although Plaintiff's motion states it was "placed in [the] out-going mail" and the envelope states it is "outgoing legal mail[,]" Plaintiff has not clearly demonstrated his compliance with Rule 4(c)(1). Plaintiff does not expressly state in his motion that he used the prison mailing system or whether the correctional facility where he is housed operates a separate legal mail system and, if so, whether he utilized it in filing his motion.

4

demonstrating he timely deposited the motion in the mail. While Plaintiff asserts in his "Certificate of Service" that he mailed the motion on January 9, 2023, Plaintiff did not file a §1746 declaration or notarized statement setting out the date of deposit.[2] Furthermore, the record before the Court, specifically the postmark on the envelope in which Plaintiff's motion arrived at the Court, demonstrates that Plaintiff mailed his motion on January 19, 2023, seven days after the expiration of the 28-day filing deadline. Consequently, Plaintiff's Rule 59(e) motion must be dismissed as untimely.

Even if the Court were to consider the merits of Plaintiff's motion under Rule 59(e), the motion fails to present a basis for relief. The purpose of a Rule 59(e) motion is to correct manifest errors of law or fact or to present newly discovered evidence. Innovative Home Health Care, Inc., 141 F.3d at 1286. Here, Plaintiff contends that the Court should alter its judgment under Rule 59(e) because he "has not filed consent to [m]agistrate [j]urisdiction" and ruling on the motions for summary judgment was "in excess of the powers and authority of this Court." [ECF No. 81 at ¶¶ 2, 3] However, the record demonstrates that on July 9, 2020, Plaintiff signed the Notice Regarding Magistrate Judge Jurisdiction, thereby "consent[ing] to the jurisdiction of the Magistrate Judge[,]" including for "trial and entry of final judgment in accordance with the provision of Title 28 U.S.C. Section 636(c)(1)." [ECF No. 53] The Court rejects Plaintiff's contention that he is entitled to relief under Rule 59(e) based on lack of magistrate jurisdiction.

Plaintiff also contends that he was unable to reply to Defendants' Motions for Summary Judgment because that he was not served with them and he has not received the Court's Judgment granting Defendants' Motions. [ECF No. 81 at ¶¶ 4, 5] Plaintiff further alleges that Defendants

---

[2] Plaintiff's motion contains a 28 U.S.C. § 1746 declaration, however, by its terms, the declaration only applies to Plaintiff's factual allegations supporting the merits of his motion. Plaintiff's declaration does not encompass those allegations contained in his "Certificate of Service." [ECF No. 81]

5

failed to label their correspondence to Plaintiff with "Legal Mail – Open in the Presence of Inmate" in adherence to the Court's February 22, 2022 Order. [ECF No. 81 at ¶ 4] These allegations are not a proper basis for Rule 59(e) relief as they do not support a finding that the Court's Judgment should be amended based on a manifest error of law or fact or to present newly discovered evidence.

    B.  Federal Rule of Civil Procedure 60(b)

Although Plaintiff explicitly seeks relief from the Judgment under Rule 59(e), the Court will briefly consider whether Plaintiff's motion should be construed as a timely motion under Federal Rule of Civil Procedure 60(b) based on its allegations. Specifically, Plaintiff alleges he was unable to reply to Defendants' Motions because he was not served with them.

A Rule 60(b) motion must be filed "within a reasonable time" after the entry of the judgment and, in some instances, no more than one year after entry. Fed. R. Civ. P. 60(c)(1). A post-trial motion filed after the time limits of Rule 59(e) can only be considered under Rule 60(b) if it "states grounds for relief available under Rule 60." Wilson, 981 F.2d at 989 (quoting Reyher v. Champion Int'l Corp., 975 F.2d 483, 488 (8th Cir. 1992)). Rule 60(b) relieves a party from a final judgment or order on one of six specified grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The rule "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Williams v. York, 891 F.3d 701, 706 (8th Cir. 2018) (quoting Jones v. Swanson, 512 F.3d 1045, 1048 (8th Cir. 2008)). The Court has wide

6

discretion in ruling on a Rule 60(b) motion. In re Levaquin Products Liability Litigation, 739 F.3d 401, 404 (8th Cir. 2014).

Under Rule 60(b)(1), the Court may grant relief from a judgment on the ground of "excusable neglect[,]" which is generally "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (quoting Union Pacific R. Co. v. Progress Rail Services Corp., 256 F.3d 781, 782 (8th Cir.2001) (internal quotations omitted)). To decide whether the neglect is excusable, the Court must consider: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993).

Pursuant to the terms of the original case management order, the parties' dispositive motions were due on or before June 21, 2022. [ECF No. 37] On June 22, 2022, the Court entered an amended case management extending the deadline for filing dispositive motions to August 22, 2022, with opposition briefs due by September 21, 2022. [ECF No. 69] The docket sheet reflects that copies of the original and amended case management orders were mailed to Plaintiff shortly after their entry. [Docket entries dated 11/29/2021 & 6/22/22] Defendants filed their motions for summary judgment and supporting documents on August 22, 2022, in compliance with the amended case management order. [ECF Nos. 70-75] Defendants' counsel certified that they mailed copies of the motions and supporting documents to Plaintiff. [ECF Nos. 70-75]

Plaintiff filed no response in opposition to Defendants' motions for summary judgment and, on December 15, 2022, the Court granted Defendants' motions and entered final judgment. [ECF Nos. 76 & 77] That same date, copies of the Court's Memorandum and Judgment were

mailed to Plaintiff. [Docket entry dated 12/15/2022] On December 27, 2022, the Court received from Plaintiff requests for the Court to update his mailing address and to send him copies of the docket sheet and certain specified pleadings and forms.[3] [ECF Nos. 78 & 79]

At the time final judgment was entered, this matter had been pending since June 2020, more than two and one-half years. Plaintiff was provided copies of the scheduling orders and had ample opportunity to respond to the dispositive motions. The record demonstrates, however, that the Court received no correspondence or inquiries from Plaintiff between June 22, 2022 and December 26, 2022, despite Plaintiff's knowledge that dispositive motions were due to be filed and responded to during this period. Even if Plaintiff did not receive the copies of the motions mailed to him by Defendants, Plaintiff still had a duty to keep apprised of the status of his case, a duty he failed to maintain. Thus, Plaintiff's failure to respond to Defendants' Motions was due to circumstances within his reasonable control. Defendants, on the other hand, have observed this Court's rulings and deadlines and rightfully believed this matter was concluded. All of the relevant circumstances of this case yield the conclusion that Plaintiff is not entitled to relief under Rule 60(b)(1) for excusable neglect. Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 403 (8th Cir. 2000) ("whether a party's neglect of a deadline is excusable is an equitable decision that turns on all of the relevant circumstances surrounding the party's omission."). See also McCracken v. Se. Corr. Ctr., No. 1:11CV179 LMB, 2012 WL 5866602, at *1 (E.D. Mo. Nov. 19, 2012) (finding that relief under Rule 60(b)(1) is not available when plaintiff failed in his duty "to keep apprised of the status of this case and to contact counsel or the Court if no progress had been made"); Warfield v. Byron, 436 F.3d 551, 557 (5th Cir. 2006) (holding that plaintiff's failure to receive defendant's motion

---

[3] Plaintiff's requests were dated December 18, 2022.

8

for partial summary judgment does not justify relief from judgment under Rule 60(b)(1) when plaintiff did nothing to monitor the status of the claims against him).

Finally, relief under Rule 60(b)(6), which permits the Court to set aside a final judgment or order for "any other reason that justifies relief[,]" is available only in "extraordinary circumstances." In re Guidant Corp. Implantable Defibrillators Products Liability Litigation, 496 F.3d 863, 868 (8th Cir. 2007). "Relief is available under Rule 60(b)(6) only where 'exceptional circumstances prevented the moving party from seeking redress through the usual channels.'" Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 373 (8th Cir. 1994) (quoting In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir.1989)).  The circumstances presented by Plaintiff are not exceptional and do not justify relief in this case. See L.Z. v. Parrish, 733 F.2d 585, 589 (8th Cir. 1984) (denying relief under Rule 60(b)(6) because plaintiff did not act diligently in attempting to discover the status of the case).

### IV.    Conclusion

The Court finds Plaintiff's "Motion Under Civil Procedure Rule 59(e)" is untimely and must be dismissed for lack of jurisdiction.  Furthermore,  Plaintiff's motion fails to (1) present a basis for relief under Rule 59(e) or (2) establish exceptional circumstances justifying setting aside the Judgment pursuant to Rule 60(b). After careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion under Civil Procedure Rule 59(e)" [ECF No. 81] is **DISMISSED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of April, 2023.